# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ALLEN VICKS (#426156)                        CIVIL ACTION NO.

VERSUS                                                    18-556-BAJ-EWD

JAMES PACKNETT, ET AL.

## ORDER

Before the Court is a Motion to Strike Rec. Doc. 14 ("Motion to Strike"),[1] filed by Defendants Jimmy Smith and Marcus Jones ("Defendants"). The Motion to Strike is not opposed. Defendants request that Rec. Doc. 14, which is entitled "Plaintiff's Reply to Answer and Defenses and Memorandum in Support of Summary Judgment," ("Plaintiff's Reply") be stricken from the record as it makes arguments regarding defendants not named in this case and concerns acts that are not the subject of the claims alleged by Allen Vicks ("Plaintiff") in this case.

Defendants do not provide authority for their request to strike Plaintiff's Reply, but motions to strike are governed by Federal Rule of Civil Procedure 12(f), which states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A Rule 12(f) motion serves to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" [2]

Rule 12(f) only applies to pleadings.[3] "Pleadings" are defined in Federal Rule of Civil Procedure 7, as follows:

        (1) a complaint;
        (2) an answer to a complaint;
        (3) an answer to a counterclaim designated as a counterclaim;

---

[1] R. Doc. 16.
[2] *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. 09-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) (citations omitted).
[3] *Zep Inc. v. Midwest Motor Supply Co.*, 726 F.Supp.2d 818, 822 (S.D. Ohio 2010) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings.").

>    (4) an answer to a crossclaim;
>    (5) a third-party complaint;
>    (6) an answer to a third-party complaint; and
>    (7) if the court orders one, a reply to an answer.

The Court did not order Plaintiff's Reply and defendants have not answered in this case. Rather, Defendants have filed a Motion to Dismiss.[4] Accordingly, Plaintiff's Reply is not a "pleading" within the meaning of Rule 7. Additionally, a motion to strike "generally should not be granted absent a showing of prejudice to the moving party."[5] Defendants have not argued that they are prejudiced by the filing of Plaintiff's Reply. Although Plaintiff's Reply makes arguments regarding deliberate indifference with respect to treatment of a hernia, which is not the subject of this litigation, it does not require a response by Defendants.

Although Defendants have not met their burden of establishing that Plaintiff's Reply should be stricken pursuant to Rule 12(f), the Court has the inherent power to control its docket. That power includes the ability to remove matters from the record that are improperly filed.[6] While this authority is to be used with restraint, there is no prejudice to Plaintiff in striking a document that clearly does not relate to any claim or defense in this case. Additionally, to the extent this was intended to be an opposition to the pending Motion to Dismiss, Plaintiff later filed an "Objection" to the Motion to Dismiss,[7] which will be considered by the Court.

Accordingly,

---

[4] R. Doc. 12.
[5] Conn v. United States, 823 F.Supp.2d 441, 446 (S.D. Miss. 2011); see also 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) (noting general agreement that Rule 12(f) motions should be denied absent showing that defense "may cause some form of significant prejudice").
[6] See, e.g., McNeal v. Tate Cty. Sch. Dist., No. 70-CV-29, 2016 WL 6651328, at *3 (N.D. Miss. Nov. 10, 2016), citing Powell v. Dallas Morning News L.P., 776 F.Supp.2d 240, 246 (N.D. Tex. 2011); see also Zep Inc., 726 F.Supp.2d at 822 ("[T]rial courts make use of their inherent power to control their dockets … when determining whether to strike documents or portions of documents.")(internal citations omitted).
[7] R. Doc. 20.

**IT IS ORDERED** that Defendants' Motion to Strike Rec. Doc. 14[8] is **GRANTED,** pursuant to the Court's inherent authority to control the docket. The Clerk of Court is directed to **STRIKE** R. Doc. 14 from the record as it is not related to any claim or defense in the case.

Signed in Baton Rouge, Louisiana, on May 22, 2020.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 16.